# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
# (ST. PAUL)

------------------------------------

**HILDA L. SOLIS**, Secretary of Labor, :
United States Department of Labor, :
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Plaintiff, :
　　　　　　　　　　　　　　　　　　　　　　: **Civil Action No. 0:12-cv-03136**
　　v. :
　　　　　　　　　　　　　　　　　　　　　　:
**MICHAEL PAUL HARRIS** and the **FARIBAULT** :
**WOOLEN MILLS, INC., FULLY INSURED** :
**HOSPITAL LIFE WELFARE PLAN** :
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Defendants. :

------------------------------------

## COMPLAINT

Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor (Secretary), alleges:

## JURISDICTION AND VENUE

**1.** This action arises under Title I of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. §§1001, *et seq.*, and is brought by the Secretary under ERISA §§502(a)(2) and (5), 29 U.S.C. §§1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate equitable relief for breaches of fiduciary duty under ERISA §409, 29 U.S.C. §1109, and to obtain such further equitable relief as may be appropriate to redress violations and to enforce the provisions of Title I of ERISA.

2.      This court has jurisdiction over this action pursuant to ERISA §502(e)(1), 29 U.S.C. §1132(e)(1).

3       The Faribault Woolen Mills, Inc., Fully Insured Hospital Life Welfare Plan (Plan) is an employee benefit plan within the meaning of ERISA §3(3), 29 U.S.C. §1002(3), which is subject to the provisions of Title I of ERISA pursuant to ERISA §4(a), 29 U.S.C. §1003(a).

4.      Faribault Woolen Mill Company a/k/a Faribault Woolen Mills established the Plan effective February 1, 1978, to provide welfare benefits to its employees.

5.      Venue of this action lies in the District of Minnesota (St. Paul) pursuant to ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), because the Plan is administered in Faribault, Rice County, Minnesota, within this district and division.

6.      The Plan is named as a defendant pursuant to Rule 19(a)(1)(A) of the *Federal Rules of Civil Procedure* solely to assure that complete relief can be granted.

## DEFENDANT AND PARTIES IN INTEREST

7.      Michael Paul Harris (Harris) was Faribault's Chief Executive Officer, President, Chairman of the Board of Directors, and a 25% owner of the company for all relevant periods.

8.      At all relevant times, Harris exercised control over assets of the Plan, was a fiduciary of the Plan within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A) and a party in interest within the meaning of ERISA §§3(14)(A) and (H), 29 U.S.C. §§1002(14)(A) and (H).

9.      Faribault was incorporated as a Minnesota corporation on December 27, 1905.

10.     Faribault sponsored the Plan, was its Plan Administrator within the meaning of ERISA §3(21)(A)(iii), 29 U.S.C. §1002(21)(A)(iii), was a Plan fiduciary within the meaning of

ERISA §3(21)(A), 29 U.S.C. §1002(21)(A), and was a party in interest to the Plan within the meaning of ERISA §3(14)(A) and (C), 29 U.S.C. §1002(14)(A) and (C).

## UNREMITTED HEALTH INSURANCE PREMIUMS

11. Paragraphs 1 through 10 are realleged and incorporated herein by reference.

12. The Plan was a fully insured health plan.

13. Faribault contracted with HealthPartners Health Insurance Company (HealthPartners) effective January 1, 2005, to provide health care benefits to its employees. Faribault renewed its contract with HealthPartners annually through 2009.

14. At all relevant times, Faribault withheld employee contributions from its employees' paychecks for contribution to the Plan. These contributions were retained in Faribault's corporate bank account until they were remitted to the Plan or the insurance carrier.

15. During the period from January 9, 2009, through March 20, 2009, Faribault withheld $55,040.61 in employee contributions from its employees' pay and failed to remit the amounts so withheld to the Plan or a health insurance carrier.

16. During the period from January 9, 2009, through March 20, 2009, Harris caused Faribault to retain $55,040.61 in employee contributions from its employees' pay and failed to ensure that the withheld contributions were remitted to the Plan or a health insurance carrier.

17. HealthPartners cancelled the health insurance coverage for Plan participants and beneficiaries effective January 31, 2009, due to non-payment of premiums.

18. By the conduct described in Paragraphs 15 – 17, Defendant Harris:

   A. failed to act solely in the interest of the participants and beneficiaries of the Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries

and defraying reasonable expenses of Plan administration, in violation of ERISA §404(a)(1)(A), 29 U.S.C. §1104(a)(1)(A);

  **B.** caused the Plan to engage in transactions which he knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of assets of the Plan, in violation of ERISA §406(a)(1)(D), 29 U.S.C. §1106(a)(1)(D);

  **C.** dealt with assets of the Plan in his own interest in violation of ERISA §406(b)(1), 29 U.S.C. §1106(b)(1); and

  **D.** acted on behalf of a party whose interests are adverse to the interests of the Plan or in the interests of its participants and beneficiaries, in violation of ERISA §406(b)(2), 29 U.S.C. §1106(b)(2).

## **PRAYER FOR RELIEF**

Wherefore, the Secretary prays for judgment:

  **A.** Permanently enjoining Harris from violating the provisions of Title I of ERISA;

  **B.** Permanently enjoining Harris from serving or acting as a fiduciary to any ERISA-covered employee benefit plan and removing him from any position he now holds as a fiduciary of the Plan;

  **C.** Ordering Harris to make good to the Plan any losses resulting from fiduciary breaches committed by him or for which he is liable;

  **D.** Ordering Harris to correct the prohibited transactions in which he engaged;

  **E.** Awarding the Secretary the costs of this action; and

  **F.**  Ordering such further relief as is appropriate and just.


Date:  December 19, 2012        **M. PATRICIA SMITH**
                       Solicitor of Labor

                       **JANET M. GRANEY**
                       Acting Regional Solicitor

Address:               <u>/s/ Eileen R. Hurley</u>
U.S. Department of Labor      **EILEEN R. HURLEY**
Office of the Solicitor        Attorney
230 S. Dearborn, Suite 844
Chicago, IL. 60604         Attorneys for **HILDA L. SOLIS**
PHONE:  (312) 353-5738      Secretary of Labor
FAX:  (312) 353-5698        United States Department of Labor
hurley.eileen@dol.gov        Plaintiff