UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Thomas E. Perez, Secretary of Labor, | Civil No. 12-3136 (SRN/FLN) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Michael Paul Harris, Faribault Woolen Mills, Inc., and Fully Insured Hospital Life Welfare Plan, | |
| Defendants. | |

M. Patricia Smith, Christine Z. Heri, and Eileen R. Hurley, Office of the Solicitor, U.S. Department of Labor, 230 S. Dearborn St., Room 844, Chicago, IL 60604, for Plaintiff.

Lincoln Loehrke, Dorsey & Whitney, 50 South Sixth St., Suite 1500, Minneapolis, MN 55402, for Defendant Michael Paul Harris.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Franklin L. Noel dated January 14, 2015 [Doc. No. 77]. The R&R recommends denying Plaintiff Secretary's Motion for Summary Judgment [Doc. No. 31]. The Secretary filed timely "limited" objections to the R&R on January 29, 2015 [Doc. No. 78], and Defendant Michael Paul Harris filed an amended response to those objections on February 12, 2015 [Doc. No. 88].

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo

review, and for the reasons set forth below, the Court adopts the R&R.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

This is a case in which the Department of Labor contends that an employer failed to properly remit health insurance plan payments on behalf of its employees.  The Magistrate Judge's R&R thoroughly documents the factual and procedural background of this matter, and is incorporated herein by reference.  The factual background is, in any event, not relevant to the Secretary's limited objection to the R&R.[1]  (See Obj. at 1.)

## II.    DISCUSSION

The Secretary contends that the R&R inadvertently misstated the definition of a fiduciary under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq.  The Secretary asks the Court to correct that alleged misstatement.  According to the Secretary, the R&R states that a fiduciary must have discretionary control over the management or disposition of plan assets, but ERISA's definition of fiduciary also encompasses individuals who have any control, discretionary or otherwise, over the management or disposition of those assets.  (Obj. at 2.)  The question whether Defendant Harris was an ERISA fiduciary is the underlying issue in the case, and is the issue on which Magistrate Judge Noel determined that disputed issues of fact remain to be resolved.  The Secretary does not take issue with the conclusion that his summary-judgment motion should be denied, but rather only with one instance in the R&R that

---

[1] Although the Secretary filed the transcript of the hearing before Magistrate Judge Noel [Doc. No. 86], the parties agree that the transcript is not relevant to a determination of the merits of the Secretary's objections.  (Obj. at 2 n.1; Def.'s Response at 2 n.1.)

allegedly misstated the relevant definition of fiduciary.

The R&R noted that ERISA defines a fiduciary as one who "'exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets.'" (R&R at 6 (quoting 29 U.S.C. § 1002(21)(A)).) Later in that same paragraph, the R&R paraphrased this definition, to which the Secretary now objects: "Accordingly, in order for Harris to be considered an ERISA fiduciary, he must have exercised discretionary authority of control over these plan assets or the management of the Health Plan." (Id.)

But the R&R's later statement of the definition was not intended to supplant the earlier, more complete, definition from the statute. Moreover, it is clear from the R&R that the issue to be resolved is not whether Harris possessed any discretionary authority over the plan assets in question, but rather whether he exercised that authority. The statute requires a fiduciary to "exercise[]" such control. 29 U.S.C. § 1002(21)(A).

In short, the R&R's statement of the ERISA definition of fiduciary is correct: a fiduciary is one who "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets." Id. That definition will control the ultimate disposition of this case.

### III.     ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1. Plaintiff Secretary's objection [Doc. No. 78] is **OVERRULED**; and

2. The Report and Recommendation [Doc. No. 77] is **ADOPTED**.



Dated:   February 24, 2015                              <u>s/Susan Richard Nelson</u>
                                                        SUSAN RICHARD NELSON
                                                        United States District Judge